UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| BROADCAST MUSIC, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 5: 18-215-DCR |
| ) | |
| V. ) | |
| ) | |
| MARY KATHERINE LOCKHART, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This action arose from copyright infringement that occurred at the Blue Moon establishment in Richmond, Kentucky. The Court granted Plaintiffs Broadcast Music, Inc.'s ("BMI"), Del Sound Music's, House of Cash, Inc.'s, Warner-Tamerlane Publishing Corp.'s, Eleksylum Music, Inc.'s, No Surrender Music's, Muscle Shoals Sound Publishing Co.'s, Peermusic III, Ltd.'s, and ARC Music Corp.'s motion for summary judgment. The Court concluded that Defendants Mary Katherine Lockhart and Prentice Richardson knowingly and intentionally infringed upon four copyrights licensed by the plaintiffs. [Record No. 41] The Court granted statutory damages and a permanent injunction. [*Id*.] The Court further noted that attorney's fees would be awarded and directed the plaintiffs to submit evidence of their fees. [*Id*.] The plaintiffs' counsel filed an affidavit and invoices in support of their request for attorney's fees. [Record No. 43] The defendants had fourteen days to object to the plaintiffs' submission but did not file any objections.

Section 505 allows the Court to award full costs, including reasonable attorney's fees. 17 U.S.C. § 505. Courts routinely award reasonable attorney's fees in these actions and, as

-1-

previously explained, an award of such fees is appropriate here. *See, e.g., Coleman v. Payne*, 698 F. Supp. 704, 707-08 (W.D. Mich. 1988). Thus, the Court turns to the reasonableness of the fee request.

The lodestar is the "proper method for determining the amount of reasonable attorney's fees." *Broad. Music, Inc. v. J.M. Cirelli, Inc.*, 2006 U.S. Dist. LEXIS 84832 *1, *14 (N.D. Ohio Nov. 21, 2006) (quoting *Building Svcs. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995)). This method multiplies the number of hours reasonably expended by a reasonable hourly rate. *Northeast Ohio Coalition for the Homeless v. Husted,* 831 F.3d 686, 702 (6th Cir. 2016) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). And the amount may be adjusted based upon various factors, including:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Geier v. Sundquist*, 372 F.3d 784, 792-93 (6th Cir. 2004) (quoting *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 718-19 (5th Cir. 1974)); *Meyers v. Chapman Printing Co., Inc.*, 840 S.W.2d 814, 826 (Ky. 1992). However, a lodestar calculation is presumptively reasonable. *Adcock-Ladd v. Sec'y of the Treasury*, 227 F.3d 343, 349-50 (6th Cir. 2000).

The plaintiffs must "demonstrate that the amount sought is not excessive and accurately reflects the reasonable value of bona fide legal expenses incurred." *A & A Mechanical, Inc. v. Thermal Equip. Sales, Inc.*, 998 S.W.2d 505, 514 (Ky. Ct. App. 1999); *Blum v. Stenson*, 465 U.S. 886, 897 (1984). In calculating an appropriate award, "[a] district court may look to a

party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests[.]" *Ne. Ohio Coal. for the Homeless*, 831 F.3d at 716 (internal citations and quotations omitted).

The plaintiffs seek $23,600.00 in attorney's fees and reimbursement of expenses totaling $684.74. [Record No. 43] In support, attorney April Wimberg provided an affidavit and relevant invoices. The affidavit identified individuals working on the matter, a description of work performed, relevant hourly rates, and the number of hours expended by each person. Plaintiffs' counsel and staff preformed a total 93.1 hours of work on the case with hourly rates ranging from $117.27 for a paralegal to $393.21 for a partner.

The amount sought here for attorney's fees and costs totals $24,284.74 and is similar to awards in other copyright infringement cases in the circuit. For example, in another case from this district, the Court awarded $30,760.51 in attorney's fees. *See Broad. Music, Inc. v. Rooster's, Inc.*, 2006 U.S. Dist. LEXIS 36616 *1, *10 (E.D. Ky. Mar. 29, 2006). Likewise, the court for the Northern District of Ohio awarded $23,678.75 for costs and attorney's fees. *See Big Tree Enters v. Hooker*, 1992 U.S. Dist. LEXIS 17623 *1, *9 (N.D. Ohio Mar. 30, 1992).

Based on the foregoing, it is hereby

**ORDERED** that the plaintiffs are awarded attorney's fees and costs in the amount of $24,284.74.

Dated: April 10, 2019.



Signed By:
*Danny C. Reeves*
United States District Judge